# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

No. 4:13-CV-38-FL

| | |
|---|---|
| DOMINICK J. PARKER, substitute party for RICKY PARKER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM & RECOMMENDATION**

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DEs 15 & 16). The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation.

For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be DENIED, and that Defendant's Motion for Judgment on the Pleadings (DE-16) be GRANTED, and that the final decision by Defendant be AFFIRMED.

I. **BACKGROUND**

Ricky Parker ("Plaintiff") protectively filed concurrent applications for supplemental security income and disability insurance benefits on April 14, 2010, alleging disability beginning February 1, 2009. This application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not

disabled during the relevant time period in a decision dated November 15, 2011. On December 19, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ decision, and Dominick Parker, appearing as substitute party for Plaintiff, filed this action on February 13, 2013, for review of the final decision of the Commissioner.

II. **DISCUSSION**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive….

42 U.S.C. § 405(g). "Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

2

The Social Security Administration has established a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b).[1] If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).[2]

*Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). The ALJ followed the sequential evaluation in this case. At step one, the ALJ found that Plaintiff was not engaged in gainful employment. Tr. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: hypertension with history of cerebrovascular accident, and history of hepatitis and cervical radiculopathy. *Id.* However, at step three, the ALJ further determined that Plaintiff did not have an impairment or combination of impairments severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Prior to proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to

---

[1] The five step analysis applies to both supplemental security income and disability insurance benefits. *Compare* 20 C.F.R. Part 404 subpart P *with id.* Part 416 subpart I. For simplicity, only 20 C.F.R. Part 404, which governs disability insurance benefits, is cited herein.

[2] The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

[3] An individual's RFC is what that person can still do despite physical and mental impairments. 20 C.F.R. § 404.1545(a).

perform the full range of light work. Tr. 17. The ALJ thus concluded that Plaintiff was capable of performing past relevant work as a donut store manager. Tr. 20. Accordingly, the ALJ determined that Plaintiff was not under a disability during the relevant time period. *Id.*

Plaintiff raises two assignments of error in his motion. First, Plaintiff argues that the ALJ erred in finding that Plaintiff was capable of performing his past relevant work. Second, Plaintiff asserts that the ALJ erred in his credibility determination. For the reasons discussed below, neither of these arguments is persuasive.

### A. The ALJ's determination that Plaintiff could perform his past relevant work "as actually performed" was erroneous, but harmless.

Plaintiff contends that his past job as a manager at Krispy Kreme "exceeded the demands of light work." DE-15-1 at 8. Plaintiff argues that while the donut store manager job is classified as light work in the DOT, the VE clarified that Plaintiff "<u>also performed</u> the job of donut maker and other jobs which would place <u>that</u> work [i.e., the manager position] in a medium capacity." Tr. 301 (emphasis added). Yet in summarizing the VE's testimony, the ALJ simply states that the VE reported that the past work was classified as "light exertion," without mentioning her qualifying statement regarding how Plaintiff actually performed that work. Tr. 20. Thus, Plaintiff argues that the step four finding was in error.

Specifically, the ALJ stated: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it <u>as actually performed</u>." Tr. 20 (emphasis added). This conclusion is ambiguous. In the context of past relevant work, the phrase "actually performed" typically refers to as how "<u>the claimant</u> actually performed" the work. See 20 C.F.R. § 404.1560(b)(2) (emphasis added). But here, the VE testified that the job, as Plaintiff performed it, reached a medium capacity. Tr. 301. Thus, to the extent that the ALJ found that the claimant could perform past

4

relevant work *as he actually performed it*, this conclusion is inconsistent with the ALJ's finding that Plaintiff only had the RFC to perform light work and is in error.

Nonetheless, remand is unnecessary on this ground because the error was harmless. "A remand is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." *Barnes v. Astrue*, 5:10-CV-189-FL, 2011 WL 1755942, at *3 (E.D.N.C. May 6, 2011) (internal citations and quotations omitted); *accord Austin v. Astrue*, No. 7:06-cv-622, 2007 WL 3070601, at *6 (W.D. Va. 2007) (citing *Camp v. Massanari*, 22 F. App'x 311 (4th Cir. 2001)) (errors are harmless "when it is inconceivable that a different administrative conclusion would have been reached absent the error").

The test used to assess a claimant's ability to perform past relevant work is disjunctive: a claimant cannot proceed past step four if he has the RFC to perform the work either as he performed it in the past, or as it is "generally required by employers in the national economy." *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995); *see also* S.S.R. 82-61, 1982 WL 31387 (Jan. 1, 1982). Here, the VE testified that the job of donut store manager is categorized by the DOT as light work, and the ALJ would have been entitled to accept this evidence in finding that Plaintiff could perform past relevant work as "generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2); *accord Lawson v. Astrue*, 7:06-CV-124-D, 2008 WL 111155, at *3 (E.D.N.C. Jan. 8, 2008). Because Plaintiff could perform the job of donut store manager as the job is generally performed in the national economy, it is inconceivable that the ALJ would have reached a different result absent his erroneous description of the work as Plaintiff performed it. Accordingly, this error is harmless.

Finally, as part of his argument regarding past relevant work, Plaintiff summarily asserts—without citing anything in the record—that the evidence supported a finding that he was

5

unable to perform the demands of sedentary work. DE 15-1 at 9. This argument amounts to nothing more than a request that the court reweigh the evidence, which is beyond the scope of this court's authority. *Craig*, 76 F.3d at 589 (court may not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary"). Accordingly, this assignment of error is meritless.

### B. Substantial evidence supports the ALJ's credibility determination.

Plaintiff's argument that the ALJ erred in assessing his credibility likewise founders. Plaintiff merely summarizes his testimony regarding his symptoms, and concludes, without further analysis, that the ALJ erred because unspecified "medical evidence supports [Plaintiff's] testimony." DE 15-1 at 10-11.

When a claimant makes subjective assertions of pain or other disabling symptoms, the ALJ applies a two-step process. *Craig*, 76 F.3d at 594. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting 20 C.F.R. § 404.1529(b)) (emphasis omitted). Second,

> [i]t is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.

*Id.* at 595. At this second step, the ALJ considers "the entire case record, including the objective medical evidence, the individual's own statements . . . and any other relevant evidence in the case record." SSR 96-7p, 1996 WL 374186, at *4 (Jul. 2, 1996). Because "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone," all other information about symptoms, including statements of the claimant, must be

6

"carefully consider[ed]" in the second part of the evaluation. 20 C.F.R. § 404.1529(c)(3). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p. "Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." *Craig*, 76 F.3d at 595.

"[B]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). An ALJ's credibility determination therefore "should be accepted by the reviewing court absent exceptional circumstances." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. Air Products & Chemicals, Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)); *see also Meadows v. Astrue*, No. 5:11-cv-63, 2012 WL 3542536, at *9 (W.D. Va. Aug. 15, 2012) (upholding ALJ's credibility determinations where they were neither unreasonable nor contradicted by other findings). Nonetheless, to enable meaningful review, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." SSR 96-7p, 1996 WL 374186, at * 2.

Here, the ALJ discussed the relevant medical records in detail and adequately explained his reasons for discounting Plaintiff's subjective complaints. Tr. 17-19. First, the ALJ noted that Plaintiff testified that his reasons for leaving work were due to a layoff rather than his physical impairments. Tr. 19; 165. The ALJ also found that Plaintiff's blood pressure was controlled when Plaintiff was compliant with medication. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th

7

Cir.1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling"). In addition, the ALJ relied upon physical examinations finding generally functional gait and normal motor power, along with evidence of Plaintiff's activities of daily living. Tr. 19; *see generally* Tr. 192-195 (noting that Plaintiff had no problems sitting or standing and could walk half a mile); Tr. 232 (discussing inconsistency between neurological exam and subjective complaints).

In sum, "[a]lthough the medical records establish that the Plaintiff experienced pain [and weakness]. . . to some extent or degree . . . it is the ALJ's responsibility, not the Court's, 'to reconcile inconsistencies in the medical evidence.'' *Mecimore v. Astrue*, No. 5:10-cv-64, 2010 WL 7281096, at *9 (W.D.N.C. Dec. 10, 2010). Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, "it is the province of the [ALJ], and not the courts, to make credibility determinations." *Mickles v. Shalala*, 29 F.3d 918, 929 (4th Cir. 1994). The records in this case provide "more than a scintilla of evidence," *Laws*, 368 F.2d at 642, in support of the ALJ's finding that Plaintiff retained the residual functional capacity to perform light work. Accordingly, Plaintiff's assignment of error as to the ALJ's credibility determination is without merit.

## III. CONCLUSION

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-16) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, March 19, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE