IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-38-FL

| | |
|---|---|
| DOMINICK J. PARKER, substitute party for )<br>RICKY PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | ORDER |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 15, 16).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R") (DE 19), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for supplemental security income and disability insurance benefits on April 14, 2010, alleging disability beginning February 1, 2009. This application was denied initially and upon reconsideration. A hearing was held on September 21, 2011, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Comissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

dated November 15, 2011. The appeals council denied plaintiff's request for review on December 19, 2012, and plaintiff filed the instant action on February 12, 2013.

## DISCUSSION

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform his past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 1, 2009, the date of his application. At step two, the ALJ found that plaintiff had the following severe impairments: hypertension with history of cerebrovascular accident, history of hepatitis and cervical radiculopathy. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. At step four, the ALJ concluded plaintiff was capable of performing past relevant work as a donut store manager.

B. Analysis

Plaintiff argues that the ALJ erred in concluding he could perform past relevant work as a

donut store manager. Specifically, plaintiff objects to the M&R's determination that "the ALJ Properly Evaluated Plaintiff's Residual Functional Capacity," asserting that the ALJ "erroneously found that a limitation to light work did not preclude the performance of past relevant work as a donut store manager." (Obj. 4). Upon *de novo* review of plaintiff's objection, the court agrees that the ALJ committed error requiring remand.

"[U]nder the fourth step of the disability inquiry, a claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required by employers in the national economy." Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995). A claimant bears the burden of showing "an inability to return to [his] previous work (i.e., occupation), and not simply to [his] specific prior job." DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983). An ALJ "may rely on the general job categories of the Dictionary [of Occupational Titles ("DOT")] as presumptively applicable to a claimant's prior work." Id. "The same label, however, may be used in a variety of ways." Id. Accordingly, a "claimant may overcome the presumption that the [Commissioner]'s generalization applies by demonstrating that [his] duties were not those envisaged by the framers of the [Commissioner]'s category." Id.

In Deloatche, the court held that plaintiff may have met this burden to overcome this presumption, where she presented evidence that the job she actually performed did not properly fall under the DOT title that the Secretary of Health and Human Services[2] had relied upon. The Secretary had characterized plaintiff's former work as "school social worker," but the court noted that the "definition of 'school social worker' on which the Secretary relies makes no mention of the

---

[2] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat 1464.

extensive walking, standing and driving activities required of a person responsible, as DeLoatche was, for fifteen schools." Id. The court noted that "[o]n remand, the Secretary of course may consider additional evidence on the proper characterization of DeLoatche's relevant prior work; it may be possible that the Secretary can demonstrate that it is only DeLoatche's specific prior job, and not her occupation, which is not properly termed 'sedentary.'" Id. However, the court held that "on the present record such a determination cannot be upheld," and "[t]he record before us does not permit meaningful review of the Secretary's determination." Id. Accordingly, the court remanded the case for further consideration.

An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review. "While the [Commissioner] is empowered . . . to resolve evidentiary conflicts, the [Commissioner], through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)). In particular, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy, 810 F.2d at 438).

This duty to explain is expressly noted in the Social Security procedures for evaluating a claimant's past work. In particular, SSR 82-62 provides that "the decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." SSR

5

82-62, 1982 WL 31386, at *3 (January 1, 1982). Further, "[a]dequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations," which information "will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source." Id.

The section of the ALJ's order on past relevant work provides, in its entirety, as follows:

> **6.     The claimant is capable of performing past relevant work as a Donut Store manager. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965)**
>
> Melissa Stewart, the vocational expert testified that the claimant's past work would be categorized by the Dictionary of Occupational Titles (D.O.T.) # 185.167-010[3] light exertion, SVP-5, Manager, Fast Food Services. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed.

(Tr. 20).

This analysis fails to make any mention of evidence that weighed against the conclusion that plaintiff could perform past relevant work. Plaintiff testified that his previous work involved tasks including washing windows, cleaning the building and the surrounding premises, unloading supplies, and occasionally making donuts and driving donut trucks. (Tr. 284-87). He testified that making donuts required him to lift dough weighing over twenty-five (25) pounds overhead, and then throw that dough into a hopper. (Tr. 283). He also testified that making donuts required extensive walking to obtain the ingredients needed to make the donuts, which came in fifty (50) pound bags that he had to lift. (Id.). Based on plaintiff's description of his job, the vocational expert (VE)

---

[3] The position of "Manager, Fast Food Services" actually falls under category 185.137-010. U.S. Dept. Of Labor, Dictionary of Occupational Titles, 185.137-010 (4th ed. 1991).

testified that:

> "When he was promoted to manager, that's 815.137-010 which is classified as light work in the DOT with a skill level of five. But he also performed the job of donut maker and other jobs which would place that work in a medium capacity."

(Tr. 301).

The ALJ did not ask any additional questions regarding the proper classification of plaintiff's manager position. However, as noted above, the ALJ found plaintiff could perform past relevant work "as actually performed." (Tr. 20). The phrase "actually performed," as used in the regulations, is used in contrast to work "generally performed in the national economy." See 20 C.F.R. § 404.1560(b)(2); see also SSR 82-61, 1982 WL 31387, at * 1-2 (Jan. 1, 1982) (distinguishing between the RFC to perform "the particular functional demands and job duties peculiar to an individual job as he or she actually performed it" and "the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."). The ALJ failed to mention plaintiff's testimony regarding the type of jobs he performed as manager, or the testimony of the VE that such jobs placed his manager position "in a medium capacity." The ALJ did not attempt to reconcile his finding that plaintiff could perform past relevant work "as actually performed" with the VE's testimony that his work as manager involved jobs at the "medium" level. In doing so, the ALJ neglected his duty to explain how material inconsistencies and ambiguities in the case record were considered and resolved. SSR 96-8P, 1996 WL 374184 at *7. See Marquez v. Colvin, No. 5:12-cv-802-FL, 2014 WL 1316113 at *2-5 (E.D.N.C. March 31, 2014) (remanding to Commissioner where ALJ failed to explain evidence bearing on characterization of plaintiff's past relevant work as actually performed).

Defendant asserts that plaintiff helped make donuts or deliver orders on an infrequent basis,

7

and that plaintiff could have chosen another employee to perform such tasks. (Def.'s Memo. at 12-13). Defendant further argues that "[t]he VE testified and the ALJ recognized that plaintiff's past work would be classified as light duty, as routinely performed." (Def.'s Memo., 13). However, neither the VE nor the ALJ stated how plaintiff's work was "routinely performed." Without discussion in the decision itself, defendant's argument amounts to a post hoc rationalization.

Defendant further argues that the ALJ "confirmed with the VE the level at which plaintiff's past jobs would be identified as performed in the national economy and as performed by plaintiff." (Def.'s Memo., 15). As noted, to the extent that the ALJ's determination was based on the level of plaintiff's job "as performed by plaintiff," it was in error for failing to address evidence indicating that plaintiff's position involved jobs at the "medium" work level. As to the performance of plaintiff's jobs in the national economy, the ALJ did refer to the DOT, upon which he was entitled to rely to define the job as it is performed in the national economy. See SSR 82-61, 1982 WL 31387 at *2. However, the DOT is only "presumptively applicable" to plaintiff's work. DeLoatche, 715 F.2d at 151. That presumption may be overcome. See id.; Simmons v. Chater, No. 95-1075, 1995 WL 674606, at *2 (4th Cir. Nov. 14, 1995) ("Although it is true that the Secretary may rely on the general job categories of the *Dictionary* as presumptively applicable to a claimant's prior work, the presumption is rebuttable.") (internal quotation marks omitted). The fact that plaintiff's former employer labeled his job as "manager" is not the only evidence that bears on whether plaintiff was engaged in the occupation the DOT labels as "manager" and identifies as "light work." DeLoatche, 715 F.2d at 151. If the ALJ intended to hold that plaintiff's occupation as performed in the national economy was not "medium" work, he was still required to explain why plaintiff's specific prior job fit that occupational category, notwithstanding evidence to the contrary. See id.; see also Carter v.
8

Sec'y of Health and Human Servs., 834 F.2d 97, 98-99 (6th Cir. 1987) (applying DeLoatche to hold that the DOT's definition of fast food restaurant manager was not substantial evidence to support a finding that claimant could return to previous work, when claimant's uncontroverted testimony showed that his work was "hands on management which required that he lift meats weighing fifty pounds on a regular basis.").

On remand, the Commissioner "may consider additional evidence on the proper characterization of [plaintiff's] relevant prior work." DeLoatche, 715 F.2d at 151. On the present record, however, in light of the decision's failure to discuss the testimony provided by plaintiff and the VE as to the jobs performed in plaintiff's previous work, the court cannot make this determination. "Without an analysis of all evidence and a sufficient explanation of the weight given to 'obviously probative exhibits' it is not possible to determine if the ALJ's decision is supported by substantial evidence." Ivey, 393 F.Supp. 2d at 389-90 (citing Arnold v. Sec'y of Health, Educ. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977)).

## CONCLUSION

Based on the foregoing, upon *de novo* review, and upon considered review of the record, the court rejects the recommendation of the magistrate judge, GRANTS plaintiff's motion for judgment on the pleadings (DE 15), DENIES defendant's motion for judgment on the pleadings (DE 16), and REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g), for further consideration in accordance with this order. The clerk is directed to close this case.

SO ORDERED, this the 11th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge